UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **JAMES HUGH OTWELL AND CARRIE OTWELL** | * | **CIVIL ACTION NO.  18-523** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **SIDNEY HUTCHISON AND NATIONAL FIRE AND MARINE INSURANCE COMPANY** | * | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the District Court, is a motion to remand [doc. # 9] filed by Plaintiff, James Hugh Otwell.  For reasons stated below, it is recommended that the motion be **DENIED**.

**Background**

This matter arises out of a vehicular accident that occurred May 10, 2016 in Morehouse Parish, Louisiana.  *See* Petition, doc. # 1-1, p. 3, ¶ 2.  Hutchison was driving an 18 wheeler and hauling a wide load mobile home when his trailer lost a wheel, sending the wheel and/or other debris into Plaintiff's vehicle.  *Id.*

On April 20, 2017, Plaintiffs filed their Petition for Damages in the 5th Judicial District Court, West Carroll Parish, Louisiana against Hutchison and his insurer, National Fire and Marine Insurance Company ("National"), for damages arising out of the May 10th accident.  *See* Petition, doc. # 1-1.  Plaintiff alleges that he suffered, and seeks damages for, severe disabling injuries: past and future mental and physical pain and suffering including loss of enjoyment of life, pre-impact fear, post-impact fear, depression and post-traumatic fear, and

physical disability and impairment, and past and future economic loss including lost earnings, and past and future medical expenses. His wife also seeks damages for her loss of consortium. *Id.* at ¶¶ 3, 6, 9, 10, 11, and 13.

On September 14, 2017, Defendants filed a Declinatory Exception of Improper Venue [doc. # 10-1] in state court. In their Declinatory Exception, Defendants argued that venue was improper in West Carroll Parish. Defendants argued that venue would be proper in Morehouse Parish, where the accident occurred, or in Tangipahoa Parish, where Hutchison resided. In support of their argument, Defendants attached Hutchison's affidavit executed on September 5, 2017(the "First Affidavit") [doc. # 10-2]. In the First Affidavit, Hutchison attests that he resided in Tangipahoa Parish, Louisiana on April 20, 2017. Affidavit, doc. # 10-2, ¶ 1.

On April 18, 2018, Defendants removed the case to this Court. *See* Notice of Removal, doc. # 1. The sole basis of subject matter jurisdiction Defendants asserted was diversity jurisdiction under 28 U.S.C. §1332. Defendants alleged that the parties are completely diverse, the amount in controversy exceeds $75,000.00, Plaintiffs are domiciled in Louisiana, and National is domiciled in Nebraska. *Id.* at pp. 2-3, ¶¶ 5, 6 and 7. Defendants assert that at the time of the accident, Hutchison resided in Louisiana, but that, at the time of filing in state court, Hutchison was a citizen of Mississippi. *Id.* at p. 3, ¶ 8. Defendants rely upon Hutchison's April 9, 2018, Affidavit (the "Second Affidavit"), which they attach as an exhibit. *See* Affidavit, doc. # 1-2. In the Second Affidavit, Hutchison attests that he resided in Independence, Tangipahoa Parish, Louisiana, on the date of the accident, but that his home there was in foreclosure "for some time." *Id*. at p. 1, ¶ 2. On March 18, 2017, Hutchison and his wife relocated to a campground in Vicksburg, Mississippi, where he resided until he purchased a home in

Vicksburg on June 3, 2017. *Id*. Hutchison attests that he permanently relocated to Vicksburg, Mississippi on March 18, 2017 because most of his work is in Mississippi. *Id.* at ¶ 3. Hutchison acknowledges that his statements in the Second Affidavit conflict with those in the First Affidavit. *Id*. at ¶ 2. He identifies the foreclosure of his home in Independence, Louisiana as the cause of the confusion. *Id.*

On May 16, 2018, Plaintiffs filed the instant motion arguing that this Court lacks subject matter jurisdiction. *See* Motion to Remand, doc. # 9. Plaintiffs assert that Defendants have not and cannot meet their burden of proving that Hutchison was domiciled in Mississippi on April 20, 2017. *Id*. Plaintiffs attached the First Affidavit as well as a Declaration of Robert "Jerry" Defatta [doc. # 10-4] as support for their motion. Plaintiffs hired Defatta as a private investigator to look into Hutchison's claim that he became a Mississippi resident in March 2017. Defatta found that a petition for mortgage foreclosure against Hutchison's home in Tangipahoa Parish, Louisiana was not filed until December 2017 and that an eviction notice was not issued until January 2018. *See* Declaration, doc. # 10-4, p. 2, ¶ 9. Defatta states that he found no record of Hutchison obtaining a Mississippi driver's license, and that his Louisiana driver's license is suspended, but not canceled. *Id.* at ¶ 10. Lastly, Defatta states that he found no record of Hutchison using a Mississippi address until October 2017, and that Hutchison continued to use his home address in Tangipahoa Parish, Louisiana until September 2017. *Id.* at p. 3, ¶ 11.

On June 13, 2018, Defendants filed their opposition to the instant motion. *See* Memorandum in Opposition to Plaintiff's Motion to Remand, doc. # 16. In support of their opposition, Hutchison executed a third affidavit, dated June 9, 2018 (the "Third Affidavit"). *See* Affidavit, doc. # 16-1, pp. 1-2, ¶¶ 2-3. In the Third Affidavit, Hutchison reiterates the time line

3

set forth in the Second Affidavit as well as his assertion that he relocated permanently to Mississippi on March 18, 2017. *Id.* Hutchison provides receipts that support his assertion that he resided at a campground in Vicksburg, Mississippi from March 18, 2017, through June 8, 2017. *Id.* at pp.. 4-5, Exhibit A. Hutchison provides a lease-purchase agreement dated June 3, 2017, wherein Hutchison and his wife agreed to the lease/purchase of home in Vicksburg, Mississippi. *Id.* at pp. 6-10, Exhibit B. Lastly, Hutchison attaches a default notice, dated February 14, 2017, wherein Nationstar Mortgage informs Hutchison that the mortgage securing his home in Independence, Louisiana, is in default and that failure to make all payments due by March 21, 2017, will result in the initiation of foreclosure proceedings. *Id.* at pp. 11-13, Exhibit C.

## **Analysis**

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). The removal statutes are strictly construed in favor of remand. *Manguno, supra*.

In this case, Defendants invoked the Court's subject matter jurisdiction via diversity, which requires complete diversity of citizenship between plaintiffs and defendants, and an

amount in controversy greater than $75,000.[1] 28 U.S.C. § 1332(a). Plaintiffs do not contest that the amount in controversy exceeds $75,000. Although the parties cannot confer federal subject matter jurisdiction via consent,[2] the record establishes and that the amount in controversy exceeded $75,000 at the time of removal.

For individual parties, the courts equate domicile with citizenship. *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974). "Domicile" is not synonymous with "residence"; one can reside at one place but be domiciled in another, and one can have more than one residence, but only one domicile. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989). "A change of domicile may be effected only by a combination of two elements: (a) taking up residence in a different domicile with (b) the intention to remain there." *Mas*, 489 F.2d at 1399. Evidence of intent to establish domicile may be found in "where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). "In cases removed from state court, diversity of citizenship must exist both at the time of

---

[1] When, as here, the state court petition seeks a money judgment, but state law does not permit a demand for a specific sum, then the removing defendant may assert the amount in controversy in its notice of removal. 28 U.S.C. § 1446(c)(2)(A). In so doing, the removing defendant must establish the requisite amount in controversy by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (removing party bears the burden of establishing federal jurisdiction). The removing defendant may meet her burden in one of two ways: (1) by demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) by setting forth the specific facts in controversy that support a finding of the jurisdictional amount. *Simon v. Wal Mart Stores*, 193 F.3d 848 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

[2] *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104 (1982).

filing in state court and at the time of removal to federal court." *Coury*, 85 F.3d at 249.

Here, there is no dispute that, at the time of the accident, Hutchison was a citizen of Louisiana, residing in Tangipahoa Parish. There is also no dispute that, at the time of removal through the present, Hutchison was/is a citizen of Mississippi. At issue is Hutchison's citizenship as of April 20, 2017, the date Plaintiffs filed their Petition in state court.

Hutchison's affidavit testimony is inconsistent on this issue. However, Defendants' documentary evidence clearly substantiates that Hutchison has resided in Mississippi since March 2017. *See* Receipts, doc. # 16-1, pp. 4-5, Exhibit A; Contract Agreement, doc. # 16-1, pp. 6-10, Exhibit B. Further, the February 2017 letter from Nationstar Mortgage supports his claim because it provided Hutchison with motivation to relocate before the threatened foreclosure proceedings began. *See* Default Letter, doc. # 16-1, pp. 11-13, Exhibit C; Receipt dated March 18, 2017, doc. # 16-1, p. 4, Exhibit A. The evidence shows that Hutchison continually resided at the campground until he and his wife entered a lease-purchase agreement for a home in Vicksburg. *See* Receipts, doc. # 16-1, pp. 4-5, Exhibit A; Contract Agreement, doc. # 16-1, pp. 6-10, Exhibit B. Accordingly, the evidence establishes the first factor in the *Mas* analysis. *See e.g, Mas*, 489 F.2d at 1399.

Defendants must also establish that Hutchison formed the intent to remain in Mississippi before April 20, 2017. *See e.g., id.* Hutchison asserts as much in the Second and Third Affidavits and says that he relocated permanently for work. *See* Affidavit, doc. # 1-2; p. 1, ¶ 3; Affidavit, doc. # 16-1, p. 2, ¶ 3. Hutchison's obtaining stable, indefinite housing within only three months of relocating supports his assertion. *See* Contract Agreement, doc. # 16-1, pp. 6-10, Exhibit B.

Plaintiff's argue that Defatta's declaration casts serious doubt on Hutchison's assertion. Defatta's findings are less conclusive than they may appear. For example, while Hutchison has not obtained a Mississippi driver's license, having a suspended Louisiana driver's license likely inhibited his ability to obtain a Mississippi driver's license. Further, although formal foreclosure proceedings did not begin until December 2017, it appears that Hutchison considered it a foregone conclusion. Hutchison began uninterrupted residence in Mississippi around a month after receiving the mortgage default notice. Further, no evidence before the Court suggests that Hutchison intended to cure the default and retain his home in Tangipahoa Parish, Louisiana. In balance, the undersigned concludes that Hutchison intended to remain in Mississippi indefinitely when he relocated there in March 2017, and that therefore complete diversity of citizenship exists among the parties.

For the foregoing reasons,

IT IS RECOMMENDED that the motion to remand [doc. # 9] filed by Plaintiffs be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 26th day of June 2018.

*[signature]*

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE