UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JAMES HUGH OTWELL, ET AL.** | **CASE NO. 3:18-CV-00523** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **SIDNEY HUTCHISON, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

RULING

Pending before the Court is a Motion for Summary Judgment filed by Defendant Ace Tire & Axle, Inc. ("Ace") [Doc. No. 52]. Plaintiff James Hugh Otwell ("Otwell") has filed a response in which he states he does not oppose the granting of Ace's Motion for Summary Judgment [Doc. No. 54].

For the following reasons, Ace's motion is **GRANTED.**

I. FACTS

Plaintiffs, James and Carrie Otwell, filed suit against Sidney Hutchison ("Hutchison"); his insurer, National Fire Insurance Company ("National Fire"); Cappaert Manufactured Housing, Inc. ("Cappaert"); and Ace, seeking to recover damages for personal injuries.

On May 10, 2016, Hutchison was towing a Cappaert mobile home from Vicksburg, Mississippi, to Monroe, Louisiana. Hutchison was proceeding south on U.S. Highway 165 and Otwell was traveling directly behind Hutchison. According to the First Amended Complaint, as Hutchison was driving south on U.S. Highway 165, a hub on an axle allegedly broke, causing a tire to become free from the Cappaert mobile home Hutchison was towing and strike Otwell's vehicle. Specifically, Plaintiffs have asserted "the hub for one of the tires on the mobile home failed, causing the wheel (with metal rim) to separate from the hub and axle" and come down the highway. [Doc. No. 23].

Ace refurbishes axles, hubs, rims, and tires and then provides the refurbished axles, hubs, rims, and tires to Cappaert. Plaintiffs have alleged that Ace did not properly refurbish the axles, hubs, rims, and tires sold to Cappaert. In particular, Plaintiffs alleged that the incident was caused by the negligence of Ace in the following manner: a) failure to properly inspect the wheels and hubs on the refurbished axle; b) failure to properly refurbish the wheels and hubs on its used axles; and c) providing defective wheels and hubs on its refurbished axles. [Doc. No. 23, ¶ 32].

Ace contends that Plaintiffs' allegations raise design and/or manufacturing defect claims against it under the Louisiana Products Liability Act, La. R.S. 9:2800.51 *et*. *seq*. ("LPLA"). Ace argues that Plaintiffs fail to set forth any evidence and/or expert testimony to establish liability under the LPLA. Accordingly, Ace contends that Plaintiffs' claims should be dismissed.

## II. LAW AND ANALYSIS

### A. Summary Judgment

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp*., 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586 (1986).  In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor.  *Anderson*, 477 U.S. at 255.

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 fn.3 (5th Cir. 1995) (reversal of the granting of an unopposed summary judgment was not warranted because trial court addressed the merits of the motion as an alternative holding) (citing *Hibernia Nat'l Bank v. Administración Cent. Sociedad Anónima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (where the Fifth Circuit disapproved the granting of an unopposed summary judgment solely on the basis it violated a local rule)). The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed. *Powell v. Delaney*, No. CIV.A.SA00CA0426NN, 2001 WL 1910556, at *5–6 (W.D. Tex. June 14, 2001)**.**

Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id.* at *1 and n. 2, *citing id.; see also Thompson v. Eason,* 258 F.Supp.2d 508, 515 (N.D.Tex.2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed). *See also UNUM Life Ins. Co. of America v. Long,* 227 F.Supp.2d 609 (N.D.Tex.2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda,* 945 F. Supp. 999, 1002 (N.D.Tex.1996) ("A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence.").

The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.1994).

**B.     Analysis**

Ace's status as a manufacturer under the LPLA is undisputed. Plaintiffs have specifically plead that "Ace is in the business of refurbishing used wheels, hubs, and axles." [Doc. No. 23, ¶ 5]. In response, Ace admitted that it is in the business of refurbishing and selling products to mobile home manufacturers. [Doc. No. 34].

The LPLA establishes the exclusive theories against manufacturers for damages caused by their products. LA. R.S. 9:2800.52. Pursuant to the LPLA, the manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity. LA. R.S. 9:2800.54; *Pickett v. RTS Helicopters*, 128 F.3d 925, 928 (5th Cir. 1997). The LPLA further provides the four exclusive theories under which a manufacturer may be held liable:

> B.     A product is unreasonably dangerous if and only if:
>
> (1) the product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;
>
> (2) the product is unreasonably dangerous in design as provided in R.S. 9:2800.56;
>
> (3) the product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57;
>
> (4) the product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.

LA. R.S. 9:2800.54(B); *Pickett*, *supra*. at 928. Under Louisiana law, the above are the exclusive theories of liability against manufacturers for damages allegedly caused by their products. *Brown v. R.J. Reynolds Tobacco Co*., 52 F.3d 524, 526 (5th Cir. 1995); *Lewis v. Intermedics Intraocular, Inc*., 56 F.3d 703, 706 (5th Cir. 1995). Hence, any claims premised on negligence or any theory of liability beyond those set forth in the LPLA are not cognizable and should be dismissed as a matter of law.

Here, Ace contends, and the Court agrees, that Plaintiffs have asserted design and/or manufacturing defect claims against it, but that Plaintiffs have not asserted a defect in warning claim or a breach of expressed warranty claim.

1. **Design Defect**

Pursuant to Louisiana Revised Statute 9:2800.56, a plaintiff seeking to establish a manufacturer's product suffered from an unreasonably dangerous design must show the following four elements are all met:

> (1) the defect existed at the time it left the manufacturer;
>
> (2) there existed an alternative design for the product that was capable of preventing the claimant's damage;
>
> (3) the likelihood that the product's design would cause the claimant's damage; and
>
> (4) that the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product.

*McKey v. General Motors Corp*., 96-0755 (La. App. 1st Cir. 2/14/97), 691 So.2d 164, 170; *Kampen v. American Isuzu Motors, Inc.,* 157 F.3d 306, 309 (5th Cir. 1998); *McCarthy v. Banek Medical. Inc*., 65 F.Supp.2d 410, 411 (E.D. La. 1999).

To avoid summary judgment on a claim of defective design, the plaintiffs must submit specific and competent evidence that at the time the product left the manufacturer's control, the above four elements existed. *McCarthy*, 65 F.Supp.2d at 411. Louisiana law does not allow a fact finder to presume an unreasonably dangerous design solely from the fact that injury occurred. *Ashley v. GMC*, 666 So.2d 1320, 1322 (La. App. 2nd Cir. 1996). Without expert or technical evidence to support the contention that the design was defective or to establish an alternative design, plaintiffs fail to create an issue of fact to be tried to a jury. *McCarthy*, 65 F.Supp.2d at 412; *Marks v. R.J. Reynolds Tobacco Co.*, 965 F. Supp. 857, 859-60 (W.D., La. 1997).

In the instant matter, Plaintiffs have retained Rahn M. Huffstutler ("Huffstutler"), an engineer, to offer certain opinions in this matter related to the liability issues. While Huffstutler offered twenty-three opinions regarding or related to the incident, he did not offer an opinion regarding a defect in design or an alternative design of any of the Ace products. [Doc. No. 52-10]. Without expert or technical evidence to support the contention that the design was defective or to establish an alternative design, Plaintiffs fail to create an issue of fact to be tried to a jury. *McCarthy*, 65 F.Supp.2d at 412; *Marks*, 965 F. Supp. at 859-60. Accordingly, any alleged design defect claim must be dismissed.

### 2. Unreasonably Dangerous in Construction or Composition

To the extent Plaintiffs have also alleged the axle, hub, rim, or tire were unreasonably dangerous in construction or composition, Ace asserts Plaintiffs cannot offer adequate evidence to support this claim and, as such, the claim should be dismissed.

Louisiana Revised Statute 9:2800.55 provides:

> A product is unreasonably dangerous in construction or composition if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for

6

> the product or from otherwise identical products manufactured by the same manufacturer.

In order to establish that a product was unreasonably dangerous in construction or composition, a claimant must demonstrate what a manufacturer's specifications or performance standards are for a particular product and how the product in question materially deviated from those standards so as to render it unreasonably dangerous. *Milton v. Rapiscan Security Products*, 04-591, 2005 WL 1400433 (E.D. La. 2005); *Welch v. Technotrim, Inc*., 34-355 (La. App. 2 Cir. 1/24/01), 778 So.2d 728.

Here, Plaintiffs have failed to develop any evidence that the subject products (axle, hub, rim and tire) in any way deviated from the manufacturer's specifications or performance standards and, therefore, they cannot meet their burden of proving a manufacturing defect at trial. Moreover, under Louisiana law, a trier of fact may not infer the existence of a vice or defect in a product merely based on the fact an accident occurred. *Jaeger v. Automotive Cas. Ins. Co.,* 1995-2448 (La. App. 4 Cir. 10/9/96), 682 So.2d 292.

Additionally, Plaintiffs' discovery responses do not identify a defect in construction or composition. [Doc. Nos. 52-8 and 52-9]. Likewise, Huffstutler did not identify a "defect in construction or composition" or "manufacturing defect" in his report. [Doc. No. 52-10]. As a result, Plaintiffs have failed to offer any evidence that the Ace products deviated from its standards, or, the specific manner in which a product may have deviated. Thus, Plaintiffs cannot meet their burden of proving that any Ace product was unreasonably dangerous in construction or composition and this claim should be dismissed.[1]

---

[1] Having found that Ace is entitled to summary judgment on these grounds, the Court need not consider Ace's additional argument that, since neither Plaintiffs nor any of the Defendants have the axle or hub, Plaintiffs have no evidence to support a product liability claim.

### III. CONCLUSION

For the foregoing reasons, Ace's Motion for Summary Judgment [Doc. No. 52] is **GRANTED**. Plaintiffs' claims against Ace are **DISMISSED WITH PREJUDICE**.

**Monroe, Louisiana,** this 19th day of February, 2020.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**